IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH EUGENE HARRIS, | § | |
| TDCJ-CID NO. 1439721, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-10-3328 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

By this petition, *pro se* state inmate Kenneth Eugene Harris has filed a federal habeas petition seeking relief under 28 U.S.C. §2254 for a 2007 conviction in the 339th Criminal District Court of Harris County, Texas, for manslaughter with a deadly weapon in cause number 1055272. (Docket Entry No.1). Because petitioner has not exhausted his state remedies before seeking federal habeas relief, the Court will dismiss the pending petition.

CLAIMS

Petitioner's pleadings and public records reflect the following: On April 27, 2007, petitioner was sentenced to twenty years confinement in TDCJ-CID upon a conviction for manslaughter with a deadly weapon in cause number 1055272 (Docket Entry No.1), and five years confinement in TDCJ-CID for failure to stop and render aid in cause number 1035080 in the 339th Criminal District Court of Harris County, Texas. *Harris v. State*, No.01-07-00392-CR (Tex. App.—Houston [1st Dist.] 2008, no pet.) (not designated for publication). The First Court of Appeals for the State of Texas affirmed the judgment of the lower court in both convictions. *Id.*, *Harris v. State*, 287 S.W.3d 785 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (manslaughter conviction) (rehearing overruled on June 9, 2009), *abrogated by Barrios v. State*,

1

283 S.W.3d 348 (Tex. Crim. App. 2009). Petitioner has not filed a petition for discretionary review nor sought state habeas relief from either conviction.

Petitioner filed the pending federal habeas petition on September 15, 2010. (Docket Entry No.1). He seeks federal habeas relief from the manslaughter conviction in cause number 1055272 on the following grounds:

1. The state district court erred in charging the jury to reach a unanimous agreement to acquit petitioner before considering whether he was guilty of a lesser included offense;

2. The state district court erred in overruling the prosecutor's jury argument regarding the unanimous agreement in the charge;

3. The state district court abused its discretion in allowing the State to call an expert witness that was not designated on the State's witness list; and,

4. The state district court abused its discretion in denying petitioner's motion for a continuance after allowing the undesignated expert to testify.

(*Id.*).

## DISCUSSION

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. *Coleman v. Thompson*, 501 U.S. 722 (1991). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available State corrective process or circumstances exist

that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254 (b)(1)(B).

Petitioner's pleadings and public records show that petitioner has not presented the claims in the pending petition to the Texas Court of Criminal Appeals; therefore, the claims raised in the present petition are unexhausted. Because state process remains available, petitioner does not satisfy any statutory exception to the exhaustion doctrine. Accordingly, this case is subject to dismissal for failure to exhaust.[1]

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted); *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing

---

[1] The pending petition is also subject to the statute of limitations in 28 U.S.C. § 2244(d).

that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be denied.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's federal habeas action is DISMISSED WITHOUT PREJUDICE for failure to exhaust.

2. Petitioner's application to proceed *in forma pauperis* (Docket Entry No.3) is GRANTED.

3. A certificate of appealability is DENIED.

4. All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 4th day of November, 2010.

                                          MELINDA HARMON
                                   UNITED STATES DISTRICT JUDGE